NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DIXIE JEANETTE QUISPITONGO;
ENRIQUE MARIO NEYRA-DIAZ; E. V.
N.-Q.; A. A. N.; PAUL ERICK NEYRA
DIAZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1466

Agency Nos.
A246-013-213
A246-013-212
A246-013-214
A246-013-215
A246-013-218

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2025[**]
Pasadena, California

Before: CALLAHAN, NGUYEN, and KOH, Circuit Judges.

Petitioners Dixie Jeanette Quispitongo and her family,[1] natives and citizens

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel previously granted Respondent's opposed motion to submit this case on the briefs and record (Dkt. 26).

[1] Petitioners are Lead Petitioner Dixie Jeanette Quispitongo, her husband Enrique Mario Neyra Diaz, her brother-in-law Paul Rick Neyra Diaz, and her two

of Peru, petition for a review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order by an Immigration Judge ("IJ") denying Petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction over this appeal under 8 U.S.C. § 1252, and we deny the petitions.

"Where, as here, the Board incorporates the IJ's decision into its own without citing *Matter of Burbano,* 20 I. & N. Dec. 872 (BIA 1994), this court will review the IJ's decision to the extent incorporated." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We review the Agency's factual findings for substantial evidence, and the Agency's factual findings will be upheld unless we are "*compelled* to conclude to the contrary." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023).

For asylum and withholding of removal claims, an applicant must demonstrate that "the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018) (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)). Additionally, where an applicant "never claimed to fear the government or a government-sponsored group, th[e] burden is properly placed on

daughters. Petitioners' applications are based on the facts in Lead Petitioner Quispitongo's application.

2

him to demonstrate why relocation is unreasonable." *Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021) (citing 8 C.F.R. § 1208.13(b)(3)).[2]

1.      Substantial evidence supports the BIA's conclusion that Petitioners failed to show that Peru's government was unwilling or unable to control Petitioners' alleged persecutors. Petitioners' testimony that, when they reported extortion by a group of Venezuelans, the police said that Petitioners had not provided enough evidence to investigate does not compel the conclusion that Peru's government is unable or unwilling to control extortion groups. "[U]nwillingness or inability to control persecutors is not demonstrated simply because the police ultimately were unable to solve a crime or arrest the perpetrators, where the asylum applicant failed to provide the police with sufficiently specific information to permit an investigation or an arrest." *Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013). Petitioner's testimony that they did not make additional police reports due to their belief that the police would not act also does not compel a finding that Peru's government is unable or unwilling to protect Petitioners. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (applicant's testimony that she

[2] Respondent argues that Petitioners failed to "specifically and distinctly" raise challenges to the BIA's decision that Peru's government was not unable or unwilling to protect Petitioners and that Petitioners could safely and reasonably relocate within Peru. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (requiring petitioner to "specifically and distinctly" raise challenges to the BIA's decisions in the opening brief). We assume without deciding that Petitioners did not waive these issues.

believed that the police would do nothing did not compel the conclusion that the government was unable or unwilling to control her persecutors).

Finally, Petitioners' country conditions evidence does not compel the conclusion that the Peruvian government was unable or unwilling to protect them. Rather, the evidence showed that Peru's government was aware of the Venezuelan extortion groups, was working to control the impact of the groups, and had the ability to control those involved.

2. Substantial evidence also supports the BIA's conclusion that Petitioners failed to demonstrate that they cannot safely and reasonably relocate within Peru. Petitioners did not provide testimony or other evidence compelling the conclusion that the extortion group had national reach, that the extortion group is currently looking for them, or that the group would find them if they returned to Peru. Petitioners' testimony that they cannot stay with family members who live in a safe area and would find it financially difficult to pay rent does not compel the conclusion that relocation is unreasonable. *See Hussain*, 985 F.3d at 649 ("That relocation might be inconvenient or undesirable does not make it unreasonable.").

Because Petitioners did not meet their burden to prove that the Peruvian government is unable or unwilling to control their alleged persecutors and that they cannot safely and reasonably relocate within Peru, substantial evidence supports the BIA's dismissal of Petitioners' appeal of the IJ's denial of Petitioner's asylum

4

and withholding of removal claims.[3]

3.     As to Petitioners' CAT claims, Petitioners did not exhaust their administrative remedies because they did not meaningfully challenge the IJ's denial of the CAT claims before the BIA. An applicant's failure to raise an issue "in the administrative proceedings below" in a manner "sufficient to put the BIA on notice of what was being challenged" constitutes a failure to exhaust. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (quoting *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020)). "Although the exhaustion requirement is non-jurisdictional, *see Santos-Zacaria*, 598 U.S. at 419, 143 S. Ct. 1103, we must apply it when, as here, it is invoked by the government." *Murillo-Chavez v. Bondi*, 128 F.4th 1076, 1082 (9th Cir. 2025).

**PETITIONS DENIED.**[4]

---

[3] Petitioners assert that due process requires the BIA to address Petitioners' other arguments in support of their asylum and withholding of removal claims. However, "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

[4] The stay of removal will dissolve upon the issuance of the mandate. The motion for stay of removal, Dkt. 13, is otherwise denied.